NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3323 |
| Plaintiff - Appellee, | D.C. No. 2:22-cr-00813-DLR-1 |
| v. | |
| JOSELIN NORMA ARENAS-HERRERA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted January 22, 2026**

Before: WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Joselin Norma Arenas-Herrera appeals from the district court's order

revoking supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

At the revocation hearing, the district court imposed a new supervised

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

release term and ordered Arenas-Herrera to comply with the standard conditions of supervised release, as well as one special condition prohibiting her return to the United States without legal authorization. Arenas-Herrera contends that the court erred by failing to specify how the standard conditions would apply following her deportation, asserting that the conditions are "vague and inscrutable" as applied to a deported supervisee. We review this claim for plain error. *See United States v. Vinge*, 85 F.4th 1285, 1288 (9th Cir. 2023).

The district court did not plainly err. Any error is not plain because Arenas-Herrera cites no controlling authority requiring a court to explain how supervised release conditions will apply to a defendant who is deported. *See United States v. Wijegoonaratna*, 922 F.3d 983, 991 (9th Cir. 2019). Furthermore, Arenas-Herrera has not shown that any error affected her substantial rights because the record reflects that the court and the parties were aware of the high likelihood that Arenas-Herrera would be deported and understood that the conditions would apply only in the event she were not. *See United States v. Olano*, 507 U.S. 725, 734 (1993) (an error does not affect substantial rights if it is not prejudicial).

**AFFIRMED.**